UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

|  |  |
|---|---|
| DARA MANOR ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | Civil Action No. |
| ) | |
| ) | |
| GC SERVICES LIMITED PARTNERSHIP, INC., ) | |
| JOHN DOES, and JANE DOES ) | |
| Defendants, ) | |
| ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## I.   INTRODUCTION

1.  This is an action for actual and statutory damages brought by plaintiff Dara Minor, an individual consumer, against Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices; against Defendant's violations of the Texas Fair Debt Collection Practices Act § 392 (hereinafter "TFDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices; by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

## II.   JURISDICTION

2.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1331 and 1337.

3.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here.  Because Defendant transacts business here, personal jurisdiction is established.

### III.    PARTIES

4.  Plaintiff, Dara Manor (hereinafter "Dara") is a consumer, as that term is defined by 15 U.S.C. § 1692a(3), as well as a natural person allegedly obligated to pay any debt, residing in Texarkana County, in the state of Texas.

5.  Defendant, GC Services Limited Partnership (hereinafter "GCS") is a collection agency and foreign limited partnership engaged in the business of collecting debt in this state with its principal place of business located in Harris County, at 6330 Gulfton St., Suite 300, Houston, TX 77081-1198. Defendant maybe served through its registered agent CT Corporation System, 350 N. St. Paul Street, #2900, Dallas, TX 75201.

6.  Defendant John Does 1-10 (hereinafter "Defendant John Does") are natural person(s) who were employed by Defendant as collection agents, whose identities are currently unknown to Plaintiff.  Defendant John Does are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.  Defendant Jane Does 1-10 (hereinafter "Defendant Jane Does") are natural person(s) who was employed by Defendant as collection agents, whose identities are currently unknown to Plaintiff.  Defendant Jane Does are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8.  Dara is informed and believes, and thereon alleged, that Defendants use instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts.  Defendants are engaged in the collection of debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

9.  At all relevant times, Defendant GCS acted through it duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. FACTUAL ALLEGATIONS

10.  Sometime before 2012, Plaintiff, Dara Minor, incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

11.  Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Dara.

12. The debt that Defendants are attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

13. Defendants then within one year prior to the filing of this complaint, contacted Dara and placed collection calls to Dara; seeking and demanding payment for an alleged consumer debt owed under an account number.

14. Upon information and belief, within one year prior to the filing of this complaint, Defendants threatened to not only sue Dara but also to garnish her wages, when it cannot do so.

15. Upon information and belief, within one year of the filing of this complaint, Defendants refused to give Dara their identity when first expressly asked, and instead lied to her and told her that they needed her social security number first before they could do so, when that is not a legal requirement.

16. Upon information and belief, within one year preceding the date of this complaint, Defendant, in connection with the collection of the alleged debt, communicated with Dara's mother, who is an unrelated party in regards to the alleged debt, and alerted her to the alleged debt, without Dara's consent.

17. Upon information and belief, Defendant also asked Dara's mother, within one year prior to the filing of this complaint, to relay a message to Dara, without Dara's consent; which is improper conduct with a third party who is not connected to Dara's alleged debt.

### *SUMMARY*

18. All of the above-described collection communications made to Plaintiff Dara Minor by each individual Defendant and other collection employees employed by Defendant GCS were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

19. The above-detailed conduct by these Defendants of harassing Dara in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA and the TFDCPA, including but not limited to all of the above mentioned provisions of the FDCPA and TFDCPA.

20. As a result of the acts alleged above, Defendants caused Dara to become very upset because of the aggressive manner in which this debt was collected by these Defendants.

21. Dara suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, humiliation, and upset, amongst other negative emotions.

22. Defendants' illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Dara.

### *RESPONDEAT SUPERIOR LIABILITY*

23. The acts or omissions of these individual Defendants, and the other debt collectors employed as agents by Defendant GCS who communicated with Dara as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant GCS.

24. The acts and omissions by these individual Defendants and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant GCS in collecting consumer debts.

25. By committing these acts and omissions against Dara, these individual Defendants and these other debt collectors were motivated to benefit their principal, Defendant GCS.

26. Defendant GCS is therefore liable to Dara through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of both the FDCPA and TFDCPA, in their attempts to collect this debt by communicating with Reginald.

### V.    *CAUSES OF ACTION*

#### *COUNT I*

#### *VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT*
#### *15 U.S.C. § 1692 et seq.*

27. Plaintiff Dara Manor repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, and below, with respect to Dara:

      (a) Defendants violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

      (b) Defendant violated *§1692e(10)* of the FDCPA by using false, deceptive, or misleading representation or means in connection with

       the collection of Plaintiff's alleged debt; and

  (c) Defendant violated *§1692e(2)(B)* of the FDCPA by falsely representing the services rendered or compensation which may be lawfully received by the Defendant for the collection of the alleged debt; and

  (d) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that it did not intend to take; and

  (e) Defendant violated *§1692b(2)* of the FDCPA by telling an unrelated third party that Plaintiff owes an alleged debt without Plaintiff consent; and

  (f) Defendant violated *§1692c(b)* of the FDCPA by contacting a third party in connection with the collection of the alleged debt without the consent of Plaintiff and without the contact being in a manner covered by *§1692b* of the FDCPA.

29.  As a result of the foregoing violations of the FDCPA, Defendant is liable to the Dara for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## COUNT II

### VIOLATIONS OF THE TEXAS FAIR DEBT COLLECTION PRACTICES ACT
### TFDCPA § 392

30.  Plaintiff Dara Manor repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31.  Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

32.  Defendant violated TFDCPA § 392.  Defendant's violations of TFDCPA § 392 include, but are not limited to the following:

  (a) Defendant violated TFDCPA § 392.304(19) by using any other false representation or deceptive means to collect on the alleged debt or obtain information concerning Plaintiff.

33. Defendants' acts as described above were done intentionally with the purpose of coercing Dara Manor to pay the alleged debt.

34. As a result of the foregoing violations of the TFDCPA, Defendant is liable to the Plaintiff Dara Manor for actual damages, statutory damages, attorney's fees, interests and costs, as a result of a violation of the TFDCPA.

## VI.     PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Dara Manor respectfully requests that judgment be entered against each Defendant for the following:

A. Actual damages from each Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations, and actual damages from each Defendant pursuant to TFDCPA § 392 for the emotional distress suffered as a result of the intentional and/or negligent TFDCPA violations; in an amounts to be determined at trial and for Plaintiff.

B. Statutory damages of $1000.00 from each Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C. Statutory damages from each Defendant pursuant to TFDCPA § 392.

D. Costs and reasonable attorney fees from each Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3), and also pursuant to TFDCPA § 392 et al.

E. For such other and further relief as the Court may deem just and proper.

Dated:  May 11, 2012                                        Respectfully submitted,

                                             By:/s/ Kim A. Lucas
                                                 Kim A. Lucas
                                                 State Bar No. 14991480
                                                 KYLE MATHIS & LUCAS LLP
                                                 8226 Douglas Avenue, Suite 450
                                                 Dallas, Texas 75225
                                                 (214) 706-7600
                                                 (214) 706-7622 (Fax)


                                                 ATTORNEY FOR PLAINTIFF
                                                 DARA MANOR

*DEMAND FOR JURY TRIAL*

Please take notice that plaintiff  Dara Manor demands trial by jury in this action on all issues so triable.  US Const. amend. 7. Fed.R.Civ.P. 38.